FILED
United States Court of Appeals
Tenth Circuit

May 18, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CRYSTAL NICOLE KURI,

    Plaintiff - Appellant,

v.

MATRIX CENTER; STEVE KAMAU;
KELSEY STEPP; CHAD JACOBS;
ADDICTIVE BEHAVIORAL CHANGE
HEALTH GROUP,

    Defendants - Appellees.

No. 16-3031
(D.C. No. 2:15-CV-09293-JAR-GEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

   Crystal Kuri is a nurse who worked for Addictive Behavioral Change Health Group, LLC, also known as the Matrix Center.  She says that her coworkers at the Matrix Center poisoned her with methadone and made it look like she had stolen drugs.  Because of what they did, she says, she lost her job and could have died.

_____

   [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After she was fired, Ms. Kuri sued her coworkers and the Matrix Center. She filed the lawsuit in a federal district court. But the court decided it had no jurisdiction, so it dismissed her case, and she appealed.

In the United States, most cases are handled by state courts, not federal courts. For a federal court to decide a case, it has to have subject-matter jurisdiction.[1] It can get subject-matter jurisdiction in one of two main ways: diversity jurisdiction or federal question jurisdiction.

For the court to have diversity jurisdiction, the plaintiffs and the defendants have to be from different states. But Ms. Kuri and the defendants are all from Kansas, so the district court did not have diversity jurisdiction.

That leaves federal question jurisdiction. A court has federal question jurisdiction if the lawsuit "arises under" federal law. 28 U.S.C. § 1331. A case arises under federal law if federal law gives the plaintiff a right to sue, or if the plaintiff's complaint requires the court to decide a substantial question of federal law. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006).

---

[1] Subject-matter jurisdiction is jurisdiction over the issues in a case. Personal jurisdiction, on the other hand, is jurisdiction over the parties. To hear a case, a court needs both subject-matter jurisdiction and personal jurisdiction.

Ms. Kuri argues that the district court shouldn't have dismissed her case because it had personal jurisdiction over the parties. But personal jurisdiction is not enough. The court also needed subject-matter jurisdiction, and it didn't have it.

Ms. Kuri also argues that the district court had jurisdiction because it had "Long-Arm Jurisdiction." But long-arm statutes create personal jurisdiction, not subject-matter jurisdiction. They don't give Ms. Kuri a right to bring this case in federal court.

This case does not arise under federal law. Ms. Kuri claims her situation was investigated by federal agents, but an investigation by federal agents, by itself, does not create any issues of federal law.

Ms. Kuri also claims that the Matrix Center is federally regulated. She even identifies the regulation: 42 C.F.R. § 8.12. But this case cannot arise under section 8.12. Although section 8.12 does regulate methadone treatment centers, it does not allow for lawsuits by treatment centers' employees. Even if the Matrix Center violated section 8.12, that doesn't give Ms. Kuri a right to sue in federal court.[2]

Ms. Kuri asks us to find jurisdiction based on a number of other laws as well. Most of them are general provisions governing the federal courts' jurisdiction: Article III of the Constitution, the Due Process Clause, 28 U.S.C. § 1331, and 28 U.S.C. § 1367. Others—the Judicial Improvement Acts of 1988 and 1990—relate to the functioning of federal courts more generally. But none of them give her a right to bring this case in federal court.

The last law Ms. Kuri cites is 42 U.S.C. § 1983. This law would give Ms. Kuri a right to sue in federal court—if it applied to her case. But it doesn't. Section 1983 allows suits only against people acting "under color of [law]." 42 U.S.C. § 1983. This means, roughly, that it allows suits against local governments or government employees. The Matrix Center and Ms. Kuri's coworkers are not local

---

[2] The same is probably true of the "code of ethics regulated by the DEA, FDA and the U.S. Attorney General's Office," which Ms. Kuri also lists as a source of jurisdiction. (Appellant's Br. at 3.) But we can't be sure—she hasn't identified that code of ethics in enough detail for us to find it.

governments or government employees, and they did not act under color of law.  So even if everything Ms. Kuri says is true, she cannot sue the Matrix Center or its employees under section 1983.

In short, Ms. Kuri claims that ten different laws give the district court jurisdiction over her case, but none of them actually do.  The district court was right: it did not have jurisdiction.  It had no authority to decide whether Ms. Kuri's allegations are true.  It had no authority to give her the relief she asked for.  It did the only thing it could do: dismiss the case without prejudice.

Ms. Kuri has brought her case in the wrong court, and the district court's dismissal is **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge
